Frank J. Martinez (FJM-2149)
THE MARTINEZ GROUP PLLC
55 Poplar Street, Suite 1-D
Brooklyn, New York 11201
718.797.2341 Telephone
FM@martinezgroup.com
Attorney Docket: 1354-68

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- X

**HYPEFORTYPE, LTD.**                :

:                __ CV _____

Plaintiff,     :

:

-against-                            :                **COMPLAINT**

:

:                (Jury Trial Demanded)

**UNIVERSAL MUSIC GROUP, INC.,**     :

:

Defendant.    :

---------------------------------------------------------------------- X

Plaintiff HYPEFORTYPE, LTD. ("HFT" or "Plaintiff"), by and through its attorneys, The Martinez Group PLLC, for its Complaint against Defendant UNIVERSAL MUSIC GROUP, INC. ("UMG" or "Defendant"), hereby alleges as follows:

**NATURE AND SUBSTANCE OF THE ACTION**

1.   Plaintiff files this action against Defendant for Copyright Infringement under 17 U.S.C. § 501, *et seq.*

2.   This action is brought in response to a classic case of Copyright Infringement; specifically, the unauthorized commercial, for-profit use of works created from Plaintiff's copyrighted NANAMI ROUNDED and EBISU BOLD typeface font software ("Fonts" or "Font Software").

3. Upon information and belief, Defendant created the logo for Virgin EMI Records ("Virgin EMI") band "The Vamps," created The Vamps goods for sale, including, *inter alia*, clothing, accessories, DVDs, and CDs, created and licensed The Vamps goods for sale sold via Claire's Stores and on claires.com, and created The Vamps promotional videos using unauthorized versions of Plaintiff's copyrighted Font Software.

4. Title 17 of the United States Code (Copyright Act) was enacted to provide remedies to copyright owners who suffer damages by reason of such actions.

## JURISDICTION AND VENUE

5. This is an action for Copyright Infringement arising under the Copyright Act of 1976, 17 U.S.C. § 501, *et seq*. seeking damages by reason of Defendant's ongoing infringement of Plaintiff's valid and subsisting copyrights.

6. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, 1338(a), and its supplemental jurisdiction.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400 in that Defendant or Defendant's agents may be found in this District and, upon information and belief, Defendant transacts business in this District.

## THE PARTIES

8. Plaintiff is a corporation formed under the laws of the United Kingdom with its principal place of business located at P.O. Box 4955, Calleywhite Lane Industrial Estate, Dronfield, S12 9DZ, United Kingdom.

9. Plaintiff conducts business throughout the world, the United States, the State of New York, and the County of Kings via Plaintiff's commercial website at http://www.hypefortype.com.

10. Plaintiff designs, creates, and licenses, among other products and services, custom typeface font software for others and specializes in creating font software.

11. Plaintiff offers its typeface font software for licensing to third parties directly via its own website and the websites of authorized distributors of such goods.

12. Defendant is a corporation formed under the laws of the State of Delaware with a principal place of business at 2220 Colorado Avenue, Santa Monica, California 90404.

13. Defendant is an entertainment company that engages in the business of music recording and publishing, music-based merchandising, and production of audiovisual content.

14. Upon information and belief, Defendant is the parent company of Virgin EMI.

15. Upon information and belief, Defendant conducts business worldwide, in the United States, the State of New York, and the County of Kings by way of its website at http://www.universalmusic.com.

## FACTS COMMON TO ALL CLAIMS

16. Plaintiff is engaged in the business of creating works of typographic art and graphic design as well as designing, creating, manufacturing, marketing, and licensing the use of customized typeface font software for others.

17. Plaintiff licenses typeface font software fonts directly from its own e-commerce website at http://www.hypefortype.com and by way of authorized third-party distributors of such goods.

18. Plaintiff also conducts business under the name "Thinkdust" via its commercial website http://www.thinkdust.com and by way of authorized third-party distributors.

19. Plaintiff has at all times been the exclusive owner of all right, title, and interest in and to the Font Software.

20. Plaintiff is the exclusive owner of U.S. Copyright Registration Serial Number TX 8-338-619 (Computer Program for an EBISU BOLD Typeface Font) and has a pending copyright for U.S. Application Serial Number (Case Number) 1-5471912512 (Computer Program for a NANAMI ROUNDED Typeface Font), showings of which are attached hereto as Exhibit A.

21. A showing of the designs embodied in Plaintiff's Font Software is attached hereto as Exhibit B.

22. Plaintiff's copyrights are valid and subsisting.

23. Plaintiff is the sole, exclusive sales and licensing agent for the Font Software.

24. Licenses to use the Font Software are sold on a per font basis and/or for collections of fonts directly by Plaintiff or by way of authorized third-party vendors of licenses to use such goods.

25. Plaintiff controls the use of its Font Software by means of its Font Software Desktop End User License Agreement ("EULA"), which specifically prohibits the uses complained of herein without the purchase of a special license.

26. A copy of Plaintiff's EULA is attached hereto as Exhibit C.

27. Plaintiff has sold, continues to sell, and derives significant revenue from the sale of licenses to use its Font Software.

28. Plaintiff requires a license upgrade ("Special Font License") for use of its typeface font software in commercial, for-profit usage including, *inter alia*, on goods for sale.

29. Upon information and belief, Plaintiff's records show that a designer for Defendant, Stuart Hardie ("Hardie"), purchased a basic license for the Ebisu Bold font software on March 28, 2013 and April 22, 2013.

30. A showing of Hardie's basic license purchases is attached hereto as Exhibit D.

31. Upon information and belief, Hardie was commissioned by Defendant to provide graphic design services for several of The Vamps merchandise, showings of which are annexed hereto as Exhibit E.

32. Upon information and belief, Hardie created the "Meet the Vamps" CD Album artwork, (See, Exhibit E).

33. Upon information and belief, Hardie created the "Meet the Vamps: Story of the Vamps DVD Edition" artwork (See, Exhibit E).

34. Upon information and belief, Hardie created the Vamps "Wild Heart" CD single artwork, (See, Exhibit E).

35. Upon information and belief, Hardie created the Vamps "Last Night" CD single artwork, (See, Exhibit E).

36. Upon information and belief, Hardie created the "Can We Dance" CD single artwork, (See, Exhibit E).

37. Hardie is not a party to this action.

38. Defendant had reason to be aware that use of Plaintiff's copyrighted Font Software on goods for sale required the purchase of a special license from Plaintiff.

39. Upon information and belief, no party has purchased a basic license to use Plaintiff's copyrighted Nanami Rounded font software.

40. Upon information and belief, Plaintiff's records further show that Defendant has not purchased the additional and required license upgrade to use the Nanami Rounded or Ebisu Bold Font Software in the manners complained herein.

### DEFENDANT'S ACTIONS

41. Upon information and belief, Defendant has used and/or caused others to use unauthorized copies of the Font Software in the creation of The Vamps logo.

42. Upon information and belief, Defendant has used and/or caused others to use unauthorized copies of the Font Software in the creation of The Vamps goods for sale, including, *inter alia*, clothing, accessories, DVDs, and CDs, showings of which are annexed hereto as Exhibit F.

43. Upon information and belief, Defendant has used and/or caused others to use unauthorized copies of the Font Software in the creation and licensing of The Vamps goods for sale, *inter alia*, goods sold via Claire's Stores and claires.com (See, Exhibit F).

44. Upon information and belief, Defendant has used and/or caused others to use unauthorized copies of the Font Software in the creation of The Vamps promotional videos using unauthorized versions of Plaintiff's copyrighted Font Software, (See, Exhibit F).

45. Defendant's use of the Font Software in the manners complained of herein represent multiple and ongoing infringements of Plaintiff's valid copyrights in and to the Font Software, (See, Exhibit F).

46. The natural, probable, and foreseeable result of Defendant's wrongful conduct has been and continues to be to deprive Plaintiff of the benefits and revenue from the sale of appropriate licenses to use the Font Software in the manners complained of herein.

47. The natural, probable, and foreseeable result of Defendant's wrongful conduct has been and continues to be to injure Plaintiff's relationships with present and prospective customers who rely on the cachet that exclusive licensing creates in the Font Software.

48. Plaintiff has lost and will continue to lose substantial revenue from Defendant's wrongful use, copying, and distribution of its Font Software.

49. Defendant's wrongful conduct has deprived and will continue to deprive Plaintiff of opportunities for expanding the goodwill associated with the Font Software.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501, *et seq*.

50. Plaintiff repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 48, inclusive, and incorporates them herein by this reference.

51. Upon information and belief, Defendant has impermissibly copied or caused others to copy Plaintiff's copyrighted Font Software for the purposes of creating goods and graphics requiring the purchase of an additional license from Plaintiff.

52. By reason thereof, Defendant has infringed and will continue to infringe Plaintiff's valuable copyrights in and to the Font Software.

53. Defendant's actions represent a past and ongoing infringement of Plaintiff's copyrights under 17 U.S.C. § 501, *et seq*.

54. Plaintiff is entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant together with prejudgment interest as a result of the acts of infringement alleged herein.

55. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but are believed to be not less than $1,251,235 together with prejudgment interest and reasonable costs and fees or Statutory Damages under Copyright Law, whichever is greater.

56. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests and prays that this Court will:

1. Preliminarily and permanently enjoin and restrain Defendant, its officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert or participation with them from:

    (a) imitating, copying, distributing, or making unauthorized use of HFT's registered copyrights, including the infringing uses of the Font Software complained of herein; and

    (b) manufacturing, creating, producing, advertising, promoting, or displaying any products, displays, or advertisements bearing any simulation, reproduction, counterfeit, copy, derivative version, or colorable imitation of HFT's copyrighted Font Software created by way of the unauthorized use of HFT's Font Software;

2. Direct that Defendant deliver for destruction at Defendant's expense, *inter alia*, all copies of the infringing works identified herein that bear or were created through the unauthorized use of HFT's Font Software or a derivative version thereof, together with any and all computer files, hard drives, computer programs, solid state drives, disks, CD-ROMs and DVDs bearing unauthorized, derivative and/or infringing copies of the Font Software, as well as any and all other recorded media, graphical representations, displays on the Internet, marketing materials and merchandise in Defendant's possession or under its control that were created or that bear the result of the unauthorized use of HFT's Font Software;

3. Direct the imposition of a constructive trust for all monies received by Defendant from all sales, license, payments, or other benefits received by reason of the unauthorized use of HFT's Font Software;

4. Direct that Defendant be required to pay HFT damages in the amount of $1,251,235 for all gains, profits, and advantages derived by Defendant through its unauthorized uses of HFT's copyrights together with prejudgment interest and reasonable costs and fees;

5. Direct that Defendant be required to pay to HFT such other damages that it has sustained as a consequence of Defendant's unauthorized use of HFT's Copyrighted Works;

6. Direct that Defendant be ordered to make a written report within a reasonable period of time to be filed with the Court detailing the manner of compliance with the requested injunctive and mandatory relief above;

7. Award HFT the costs of this action together with prejudgment interest, reasonable costs, and attorneys' fees; and

8. Award HFT such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff HypeForType, Ltd. hereby demands a trial by jury.

Dated: July 28, 2017

                              Respectfully submitted,
                              THE MARTINEZ GROUP PLLC

By: /Frank J. Martinez/
Frank J. Martinez (FJM-2149)
*Attorney for Plaintiff*
*HypeForType, Ltd.*

THE MARTINEZ GROUP PLLC
55 Poplar Street, Suite 1-D
Brooklyn, New York 11201
718.797.2341 Telephone
FM@martinezgroup.com