

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036-1525

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Thomas Kjellberg**
(212) 790-9202
txk@cll.com

September 14, 2017

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Hypefortype Ltd. v. Universal Music Group, Inc.*, No. 17-cv-4468

Dear Judge Cogan:

  This firm represents the defendant, Universal Music Group, Inc. ("Universal"), in the above-referenced action.  The current deadline for Universal to respond to the complaint is September 20, 2017.  Pursuant to this Court's Individual Rules, we write to request a pre-motion conference to discuss Universal's proposed motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and to set an appropriate briefing schedule for such motion.  The basis for Universal's motion is set forth below.

**A. Background**

  Plaintiff Hypefortype Ltd., a United Kingdom corporation, asserts a single cause of action for copyright infringement, alleging that Universal has somehow infringed plaintiff's computer software programs because a non-party independent graphic designer allegedly acquired the incorrect usage license when performing design work for another non-party, Virgin EMI Records ("Virgin"), regarding a recording artist signed to Virgin.  According to Plaintiff, the design work allegedly incorporated a typeface rendered by Hypefortype's computer software on CDs and other merchandise associated with the artist.  As set forth below, Universal, a holding company that did not participate in any of the alleged acts, is not subject to personal jurisdiction in New York, and in any event, the complaint fails to state a viable cause of action.

**B. Plaintiff has failed to allege facts sufficient to create personal jurisdiction over Universal Music Group, Inc. and proper venue in this action.**

  On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).  To do so, a plaintiff must be able

Cowan, Liebowitz & Latman, P.C.
Hon. Brian M. Cogan
September 14, 2017
Page 2

to point to legally sufficient allegations of jurisdiction contained in its complaint. *Ball v. Metallurgie Hoboken-Overpelt, SA*, 902 F.2d 194, 197 (2d Cir. 1990).

**Plaintiff has failed to allege facts showing that Universal is subject to general jurisdiction in New York.** "The paradigm forums in which a corporate defendant is at home are the corporation's place of incorporation and its principal place of business, but in an exceptional case, a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that State." *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1552-1553 (2017) (internal citations and quotation marks omitted).  The complaint alleges that Universal is a Delaware corporation with a principal place of business in California, and alleges nothing to show any operations in New York, let alone operations so substantial and of such a nature as to render Universal "at home" in New York.

**Plaintiff has failed to allege facts that would support a finding that Universal Music Group, Inc. is subject to jurisdiction under New York's Long-Arm Statute.**  A plaintiff may establish personal jurisdiction pursuant to C.P.L.R. § 302(a)(1) where (1) the defendant has transacted business within New York, and (2) the claim asserted arises from that business activity. *McGowan v. Smith*, 52 N.Y.2d 268, 273 (1981).  The complaint alleges conclusorily that "Defendant's agents may be found in this District and, upon information and belief, Defendant transacts business in this District."  Such a vague and formulaic assertion is insufficient as a matter of law to create personal jurisdiction over Universal.  Plaintiff has failed to allege facts showing that Universal transacted any business within New York, let alone that such business was related to the cause of action Plaintiff asserts.  Universal is simply a holding company, and the underlying activities here all took place in the United Kingdom.  For these same reasons, venue is also improper in the Eastern District of New York under Fed. R. Civ. P. 12(b)(3).

## C.     Plaintiff has failed to state a claim for copyright infringement.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint fails to plausibly allege conduct in violation of the Copyright Act.

The complaint fails to distinguish between use of a font software program, which may, if it contains sufficient originality, be protected by copyright as a literary work, and use of typeface or lettering that may be generated by such a program, which cannot be protected by copyright as a matter of law. *See* 37 C.F.R. § 202.1(a) and (e) ("Typeface as typeface" and "variations of typographic ornamentation, lettering or coloring" are not subject to copyright); *Monotype Corp. PLC v. International Typeface Corp.*, 43 F.3d 443, 446 (9th Cir. 1994) ("[T]ypefaces are not afforded copyright protection[,] which has permitted popular typefaces originally developed by one to be easily and closely copied by a competitor without compensation."). *See also* U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 313.3(D) (3d ed. 2014) ("The Office may register computer programs that generate typeface(s) provided that they contain a sufficient amount of literary authorship.  However, the registration does not extend to

**Cowan, Liebowitz & Latman, P.C.**
Hon. Brian M. Cogan
September 14, 2017
Page 3

any typeface or mere variations of typographic ornamentation or lettering that may be generated by the program.") (emphasis added); *id.* § 723.

While the complaint alleges conclusorily that "Defendant has used and/or caused others to use unauthorized copies of the Font Software ..." and that "Defendant has impermissibly copied or caused others to copy Plaintiff's copyrighted Font Software ...," no facts whatsoever are alleged to support allegations of unauthorized copying of "Font Software." The few, non-specific factual allegations at best allege use – by parties other than Universal – of a *de minimis* quantum of typeface or lettering allegedly *generated by* "Plaintiff's copyrighted Font Software."

Indeed, Plaintiff makes no allegations whatsoever of misconduct by Universal. The complaint alleges acts by non-parties Stuart Hardie and Virgin EMI, and alleges that Universal "is the parent company of Virgin EMI." Such an allegation is insufficient on its face: "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation ... is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotation marks and citations omitted); *see Potash v. Port Auth.*, 279 A.D.2d 562, 562, 719 N.Y.S.2d 290 (2d Dep't 2001) ("A parent corporation will not be held liable for the torts or obligations of a subsidiary unless it can be shown that the parent exercised complete dominion and control over the subsidiary.") (citations omitted).

Moreover, as to one of the two programs, Plaintiff's "Namami Rounded" software program, Plaintiff does not even allege that a copyright registration has been obtained, only that an application to register copyright has been filed. "The mere pendency of an application is ... insufficient to satisfy section 411's registration requirement, which the Supreme Court has determined to be an absolute 'precondition' to suit." *Psihoyos v. John Wiley & Sons, Inc.*, 2011 U.S. Dist. LEXIS 120204 (S.D.N.Y. Oct. 13, 2011), quoting *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1247 (2010). "Without showing evidence of a valid, registered copyright ... plaintiff's claim for copyright infringement fails." *Id.*; accord *Zuma Press, Inc. v. Getty Images (US), Inc.*, 2017 U.S. Dist. LEXIS 101286 (S.D.N.Y. June 29, 2017); *Gattoni v. Tibi, LLC*, 2017 U.S. Dist. LEXIS 80909 (S.D.N.Y. May 25, 2017); *Lumetrics, Inc. v. Blalock*, 23 F. Supp. 3d 138, 143 (W.D.N.Y. June 3, 2014); *DMBJ Prods. v. TMZ TV*, 2009 U.S. Dist. LEXIS 70824 (S.D.N.Y. Aug 11, 2009); *DO Denim, LLC v. Fried Denim, Inc.*, 634 F. Supp. 2d 403, 406 (S.D.N.Y. 2009); *Lewinson v. Henry Holt & Co.*, 659 F. Supp. 2d 547, 552, 559-60 n.5 (S.D.N.Y. 2009). Accordingly, the complaint fails to state a cause of action with respect to such program.

Universal requests a pre-motion conference to address its proposed motion to dismiss and to set a briefing schedule for the motion incorporating a new deadline.

Respectfully submitted,

s/Thomas Kjellberg

Thomas Kjellberg

cc: Richard S. Mandel, Esq.