```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   HYPEFORTYPE LTD.,                                        :    **MEMORANDUM DECISION**
                                                            :    **AND ORDER**
                                       Plaintiff,           :
                                                            :    17-CV-4468 (BMC)
                         - against –                        :
                                                            :
                                                            :
                                                            :
   UNIVERSAL MUSIC GROUP, INC.,                             :
                                                            :
                                       Defendant.           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

In this copyright infringement action over a software program that generates different print fonts, defendant has submitted a letter requesting a premotion conference to dismiss the complaint for lack of personal jurisdiction and failure to state a claim. The conference is unnecessary. The letter is deemed to constitute defendant's motion to dismiss. It is denied as legally insufficient.

First, as to personal jurisdiction, defendant's theory is not that it cannot be subject to personal jurisdiction in New York. (That might be a difficult argument; the New York Secretary of State shows it has registered to do business here, with a corporate agent for service of legal process in New York City.) Rather, defendant's theory is that plaintiff's complaint does not allege facts showing that there is personal jurisdiction in New York.

Unlike subject matter jurisdiction, there is no requirement under the Federal Rules of Civil Procedure that a complaint allege facts showing the basis for personal jurisdiction. Rule 8(a) is silent on that issue. The pleading requirement upon which defendant relies is a relic of

former New York state practice under the New York Civil Practice Act. Even in state practice, it is no longer the rule. See Fischbarg v. Doucet, 9 N.Y.3d 375, 381 n.5, 849 N.Y.S.2d 501, 506 n.5 (1977). It was never required in federal pleadings, see Stirling Homex Corp. v. Homasote Co., 437 F.2d 87, 88 n.2 (2d Cir. 1971) ("Because Rule 8(a) specifies the formal requirements of a complaint in a civil suit in the federal court, New York law is not binding."), and a plaintiff in federal court need not make any mention of personal jurisdiction, nor the facts supporting it, in its complaint. See McCalip v. Newport News Shipbuilding & Drydock Co., 1977 A.M.C. 21, 23 (S.D.N.Y. 1976) ("The requirement of [Federal Rule of Civil Procedure] 8(a) that plaintiff's complaint include a statement of the basis of jurisdiction refers to subject matter, not personal jurisdiction."). See also Pentwater Equity Opportunities Master Fund, Ltd. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., No. 15-cv-1885, 2016 WL 6476541, at *1 (N.D. Ill. Nov. 2, 2016) )("A complaint need not allege personal jurisdiction, but once a defendant moves to dismiss on that ground, the plaintiff bears the burden of establishing that jurisdiction is proper."); Walker v. Concoby, 79 F. Supp. 2d 827, 835 (N.D. Ohio 1999) (complaint need not allege personal jurisdiction); Sultanik v. Cobden Chadwick, Inc., 94 F.R.D. 123, 124 (E.D.N.Y. 1982) (the plaintiff's burden to demonstrate personal jurisdiction at the early stages of the case "is light . . . [and] is satisfied by stating facts in the complaint *and other papers* sufficient to support a reasonable inference that the defendant may be subject to personal jurisdiction within the state.") (citations omitted, emphasis added). Although there has been occasional leaching of the former state practice into federal pleading decisions, those decisions are in error:

> Some district court judges have construed [Federal Rule of Civil Procedure] 8(a)(1) as requiring the complaint to state the grounds for personal jurisdiction, an erroneous interpretation that contravenes decades of jurisprudence and is inconsistent with both Form 7 and Rule 8(a)(1)'s reference to a "claim," not a party. A subset of judges has compounded the error by extending *Twombly-Iqbal's* plausibility standard to Rule 8(a)(1), but this ignores the absence of Rule

2

8(a)(2)'s "showing" requirement in Rule 8(a)(1), which contributed to the holdings of *Twombly* and *Iqbal*.

5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1206 (3d ed. 2004).

The case that defendant cites, <u>Ball v. Metallurgie Hoboken-Overpelt, S.A.</u>, 902 F.2d 194 (2d Cir. 1990), is not one of those that misapplies Rule 8. Rather, it is inapposite to plaintiff's argument. <u>Ball</u> simply holds that a plaintiff may satisfy its burden of showing a *prima facie* case of personal jurisdiction by alleging facts in a complaint – not that the plaintiff has to do so. In fact, <u>Ball</u> was decided on a full evidentiary record, and the Second Circuit did not limit its review to the face of the complaint; instead, it referred to a plaintiff's "averment[s] of jurisdictional facts." <u>Id.</u> at 197. Thus, a plaintiff can solely rely on factual assertions supporting jurisdiction as demonstrated by proof submitted in opposition to a motion to dismiss.

The burdens and procedures for resolving issues of personal jurisdiction are straightforward, and are fully consistent with <u>Ball</u>. If a defendant believes that there is no theory upon which it can be subjected to personal jurisdiction in the state, it makes a motion to dismiss – not based on the absence of jurisdictional allegations in the complaint, but on the universal absence of sufficient facts upon which the plaintiff could predicate personal jurisdiction. The court then reviews the plaintiff's evidence in opposition to the motion and decides if plaintiff has made out a *prima facie* case of personal jurisdiction. Of course, the court at that point may order discovery on defendant's business operations before determining whether plaintiff has stated a *prima facie* case, and indeed, it may order discovery prior to plaintiff's opposition. <u>See</u> <u>Sultanik</u> 94 F.R.D. at 125. And to the extent there are factual disputes as to the defendant's business activities, the court has the further option of either resolving those disputes in preliminary

3

hearings or presuming the validity of plaintiff's *prima facie* case and reserving final determination of the factual issues until trial.

Defendant's motion, by limiting itself to the face of plaintiff's complaint, seeks to apply a pleading requirement that Rule 8 does not impose. The motion is therefore denied.

Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) fares no better. Defendant contends that it is a mere holding company, but that is not what the complaint says, and the complaint is of course presumed true on a Rule 12(b)(6) motion. Defendant is simply ignoring the portions of the complaint that it does not like. For example, the complaint alleges that "[Stuart] Hardie was commissioned by Defendant to provide graphic design services" for certain products, which are exhibited to the complaint. That is a factual allegation, not a conclusion. It is therefore deemed true, and for purposes of the motion to dismiss, the Court must assume that defendant commissioned Hardie. That means all of the recited actions that Hardie undertook (e.g., Complaint ¶ 31-36) are alleged to have been performed for defendant. That is sufficient to state a plausible claim.

Similarly, defendant contends that the complaint is deficient because it only alleges that defendant used a font that can be produced by plaintiff's software – it does not allege, according to defendant, that the font *was* produced by plaintiff's software – and only the software, not the font, is subject to copyright protection. I do not read the complaint so narrowly. It alleges use of the software, not just the resulting font. See, e.g., Complaint ¶ 41 ("Defendant has used and/or caused others to use unauthorized copies of the Font Software in the creation of" the subject font); id. at ¶ 38 ("Defendant had reason to be aware that use of Plaintiff's copyrighted Font Software on goods for sale required the purchase of a special license from Plaintiff."). Thus, the complaint alleges that plaintiff's claims are about the software, not just the font. The complaint

is not highly detailed, but construing the allegations in plaintiff's favor, it states a plausible claim.

Of course, if these allegations are false, and there was no good faith basis for making them, plaintiff and its attorneys may find themselves liable for attorneys' fees under either Federal Rule of Civil Procedure 11 or the Copyright Act. In that case, the fact that plaintiff makes most of its allegations "on information and belief" will not save it from sanctions, as the attempted qualifier is surplusage because it already appears in Rule 11. See Communication from the Chief Justice of the United States Transmitting Amendments to the Federal Rules of Civil Procedure and Forms, Pursuant to 28 U.S.C. § 2072, 146 F.R.D. 401, 524 (1993) ("[A]s the Committee Notes make clear, pleading on information and belief must be preceded by an inquiry reasonable under the circumstances."). Clearly, the mere fact that a defendant is the parent corporation of an infringer does not constitute a basis for suing the parent under the Copyright Act. But that is not before me on defendant's Rule 12(b)(6) motion. Because the allegations in the complaint are deemed true, defendant's motion to dismiss is denied.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

Dated: Brooklyn, New York
　　　　September 16, 2017